FILED: 9/9/2019 8:47 AM
David Trantham
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. 19-8484-431

| | | |
|---|---|---|
| WF/TX INVESTMENTS, LLC | § | |
| | § | IN THE DISTRICT COURT OF |
| versus | § | |
| | § | DENTON COUNTY, TEXAS |
| SENECA INSURANCE COMPANY, INC. and | § | |
| BRIAN DEBROWSKI | § | _____th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND
## AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW WF/TX Investments, LLC ("WF/TX"), also referred to as "Plaintiff," complaining of Seneca Insurance Company, Inc. ("Seneca") and Brian Debrowski ("Debrowski"), jointly referred to as "Defendants," and for cause of action Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.      Plaintiff, WF/TX Investments, LLC ("WF/TX"), is a California limited liability company, with its registered office in Dallas County, Texas.

3.      Defendant, Seneca Insurance Company, Inc. ("Seneca"), is a foreign insurance company authorized to do and doing business in the State of Texas.  Plaintiff requests service of citation upon Seneca through its agent for service of process, Mike Hicks, 2400 Lakeside Blvd., Suite 200, Richardson, Texas 75082-4377.

**EXHIBIT C**

4.      Defendant, Brian Debrowski ("Debrowski"), a person of the full age of majority, domiciled in Dallas County, Texas.  Plaintiff requests service of citation upon Debrowski at 5225 Las Colinas Blvd., W., Apt. 1083, Irving, TX 75039 and at Engle Martin & Associates, 17304 Preston Rd., Suite 975, Dallas, TX 75252-5650.

## JURISDICTION

5.      The court has jurisdiction over Seneca because this defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Seneca's business activities in the State, including those in Denton County, Texas, with reference to this specific case.

6.      The court has jurisdiction over Debrowski because this Defendant engages in adjusting claims in the State of Texas and the causes of action arise out of Debrowski's adjusting activities in this State, including those in Denton County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.002.

## FACTS

8.      WF/TX is the owner of commercial property at 5810 Long Prairie Road, Flower Mound, Texas 75028 ("the insured property").

9.      At all times relevant herein, including March 26, 2017, WF/TX had in full force and effect a policy of property insurance with Seneca to provide compensation for damages sustained by the insured property.

2

**EXHIBIT C**

10.     On or about March 26, 2017, the insured property sustained damages caused by wind and hail.

11.     On June 16, 2017, Seneca confirmed receipt of the claim for damages sustained by the insured property on or about March 26, 2017 as a result of hail damage.

12.     Plaintiff asserts claims for breach of contract, violation of Sections 541 and 542 of the TEX. INS. CODE, and violations of the TEXAS DTPA.

13.     WF/TX purchased an insurance policy issued by Seneca to provide coverage for damages sustained by the insured property, which was in full force and effect at the time of this damage, said policy number believed to be CMP 4801454 ("the Policy").

14.     Seneca, or its agent, sold this policy insuring the insured property to Plaintiff, or its representative, representing that the Policy included wind and hailstorm coverage for the insured property.  Seneca has refused to fully compensate Plaintiff to the full extent of the coverage currently owed to Plaintiff.

15.     On or about March 26, 2017 the insured property sustained extensive damage resulting from a severe storm that passed through Flower Mound, Texas.

16.     In the aftermath of the wind and hailstorm, Plaintiff submitted claims to Seneca under the Policy issued to provide windstorm and hail benefits to the insured property.

17.     Seneca retained a field adjuster, Brian Debrowski ("Debrowski"), to conduct this investigation of the amounts due under the Policy as a result of hail damage sustained by the insured property.

18.     Seneca retained Michelle Bogdon and/or EFI Global to participate in the investigation of this claim.  Plaintiff requested that Seneca and Debrowski provide coverage for

EXHIBIT C

the cost to repair all damage sustained by the insured property in the wind and hail event pursuant to the Policy.

19.     Damaged areas of the insured property include, but are not limited to, the roof, vents, flashings, HVAC system, roof mounted appliances, roof mounted mechanical, exterior walls, including exterior insulation finishing system, and water damage to interiors, including ceilings and walls.

20.     Seneca claims that on September 26, 2017 its adjuster, Debrowski, provided the insured with copies of the report of EFI Global regarding the roof assessment by Bogden, the building loss damage estimate by Seneca's estimator, John Critch, a Statement of Loss and a request for the insured to sign a Sworn Statement of Proof of Loss in an undisputed actual cash value of $102,501.26.

21.     On October 27, 2017, Seneca advised that its investigation determined that the reported hailstorm caused damages to the insured property for a total of $171,166.72 in replacement costs, reduced by $22,665.46 in recoverable depreciation, resulting in an actual cash value amount of $148,501.26.  After Seneca subtracted the Policy deductible of $46,000.00, then it calculated $102,501.26 in benefits due, which is the amount of the check which was tendered to the insured.

22.     On or about September 26, 2017, the insured received the check from Seneca in the amount of $102,501.26.

23.     Seneca, through its agents, Debrowski and Bodgen, conducted a substandard and improper inspection and adjustment of the insured property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent and dollar amount of damage to the insured property.

**EXHIBIT C**

24.     Throughout the investigation of this claim, Seneca and Debrowski ignored obvious indications of damage to the insured property for the purpose of depriving Plaintiff of benefits due under the Seneca Policy.

25.     Because of Defendants' unreasonable and deceptive conduct in handling of this claim, the insured was forced to retain attorneys and others to help in investigating the actions of Seneca and its agents.

26.     On October 27, 2017, Seneca received documentation submitted on behalf of the insured by Jason Webber, Director of Commercial Sales & Operation with GP Commercial Roofing & Construction which contained an estimate by Mr. Webber of the estimate of building loss damages related to this hailstorm in the amount of $726,418.61.

27.     The Webber estimate revealed that Seneca, Debrowski and their agents severely undervalued the amount of damages sustained by the insured event, the hailstorm on or about March 26, 2017.

28.     Defendants acted in bad faith by ignoring obvious damages sustained by the insured premises in the covered event (wind and hailstorm of March 26, 2017) which deprived the insured of benefits due under the Policy by:

> a)    Failure to discover and report to the insured obvious damage on the roof caused by hail;
>
> b)    Failure to closely inspect the roof, which if properly performed, would have revealed obvious hail damage related to this event explaining continuous interior leaks;
>
> c)    Failure to discover and report to the insured water trapped under the roof which would have clearly indicated the need to replace the entire flat or BUR roof;
>
> d)    Failure to discover and report to the insured the need to replace hail damaged flashings on the flat roof which would, and do, cause continuous leaking into the interior of the insured premises;

**EXHIBIT C**

e)   Failure to inspect, report and provide benefits for obvious impact damage from the covered event to metal vents, roof mounted equipment, fans and ventilators on the roof which would deteriorate as a result of the damages.

29.   Upon information and belief, Seneca, acting through its representative, Michelle A. Bogdon and/or representatives of EFI Global selected locations on the flat roof to obtain core samples from in the areas that appeared to be undamaged, while refusing to allow taking of core samples at areas where there was obvious hail damage, for the purpose of avoiding the discovery of additional roof damages.

30.   Defendants refused to pay this claim without conducting a reasonable investigation into amounts due for damage to the rooftop metal items, including HVAC, and refused to consider and estimate benefits due for increased cost of compliance or Code upgrades.

31.   Defendants have made statements misrepresenting the terms and benefits of the insurance policy and misrepresented to the insured material facts or policy provisions relating to the coverage, including the failure to acknowledge obvious items of coverage which were damaged by this windstorm and hail event, including without limitation, the flat roof and metal rooftop equipment and roof penetrations which were obvious in the parapet wall of the flat roof.

32.   Seneca and its agents directly or indirectly, made statements with respect to insurance coverage for benefits sustained in this event which were untrue, deceptive or misleading, including, without limitation, that the only benefits due the insured were those which Seneca offered to pay, when evidence was clear that additional benefits were due in excess of that amount.

33.   Seneca demanded appraisal in November, 2017 when it learned that the Plaintiff realized that Seneca had severely underpaid benefits due Plaintiff.

34.   The appraisal panel unanimously rejected Seneca's position, but Seneca has refused to pay benefits in accordance with the appraisal and Seneca's policy.

6

**EXHIBIT C**

35.     Seneca and its agents failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim when liability had become clear.

36.     Defendants' misrepresentations, unreasonable delays and continued denials constitute a breach of their statutory obligations under Chapters 541 and 542 of the TEX. INS. CODE.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Seneca and Plaintiff.

37.     Defendants' conduct constitutes violations of the Texas Insurance Code Unfair Settlement Practices.  (TEX. INS. CODE §541.060(a)(1))  Defendants have not attempted to settle Plaintiffs' claim in fair manner, even though Defendants were aware of Seneca's liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

38.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.061(a)(2)(A).

39.     Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under terms of the Policy.

40.     Defendants' conduct constitutes a violation of the Texas Insurance Code Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1)(4).  Defendants refused to provide full coverage to Plaintiff under the terms of the Policy.  Specifically, Seneca and its agents, servants and representatives, namely Debrowski, performed an outcome oriented investigation of Plaintiff's claim which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

41.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny

7

**EXHIBIT C**

Plaintiff's full claim within the statutorily mandated time after receiving all necessary information supporting the need for Seneca to provide additional benefits to Plaintiff.

42.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, defendants have delayed payment of all benefits due the insureds beyond the time allowed and Plaintiff has not received full payment of the claim.

43.     Defendants' wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firms representing Plaintiff with respect to these causes of action.

## WF/TX IS EXEMPT FROM PROVIDING NOTICE UNDER TEXAS INSURANCE CODE §542A.003

44.     All allegations above are incorporated herein.

45.     Texas Insurance Code §542A.003 requires notice not later than the sixty-first (61st) before the date the claimant files an action to the person or entity to be sued providing certain information regarding the claim.

46.     This pre-suit notice under §542A.003(a) is not required if giving notice is impracticable because the claimant has a reasonable basis for believing there is insufficient time to give the pre-suit notice before the limitations period will expire.  TEX. INS. CODE §542A.003(d)(1).

47.     Seneca claims that it provided information to the insured reflecting the amount of benefits which would be paid based on its investigation, $102,501.26, which was significantly less than what the insured asserts is due, on September 26, 2017.

8

**EXHIBIT C**

48.     Under Texas law, a claim for breach of an insurance contract accrues and limitations begin to run on the date that coverage is denied.  *See Smith v. Travelers Casualty Ins. Co.*, 18-20465 (5th Cir. 2019)

49.     Plaintiff is concerned that defendants will raise an argument that the limitations period for filing these claims began to run on September 26, 2017 when Seneca reported that its field adjuster, Debrowski, provided the insured with information regarding the claim in the amount which it would pay, an amount which was substantially less than what the insured believed was due.  Plaintiff disagrees, but cannot ignore that possibility and concern.

50.     Plaintiff is concerned that defendants will raise an argument that the payment of an amount less than what was due the insured should be considered a denial of all other amounts which the insured believed were due, and thus, beginning the running of the limitations period.

51.     The limitations period applicable to this claim is two (2) years, arguably making the expiration for the limitation period falling on or about September 26, 2019.

52.     The insured has been engaged in the appraisal process since November 22, 2017, which then resulted in an appraisal award on July 3, 2019.

53.     The Policy prohibits anyone from bringing a legal action against Defendant under commerical property coverage unless there has been full compliance with all of the terms of that coverage.  (The Policy, Form CP 01 42 03 12)

54.     The Policy required Plaintiff to participate and cooperate in the appraisal process requested by Seneca.

55.     The insured was required to wait until the conclusion of the appraisal process before bringing a legal action against Seneca under its policy.

56.     The appraisal was completed on July 8, 2019.

9

**EXHIBIT C**

57.     Seneca's policy provides that it will pay for the covered loss or damage within thirty (30) days after receiving the Sworn Proof of Loss if the insured has complied with all of the terms of the coverage and an appraisal award has been made.

58.     Pursuant to the Policy, Plaintiff was required to wait thirty (30) days for receipt of the Sworn Proof of Loss and payment of the appraisal award, which required Plaintiff to wait until August 8, 2019 to determine if Seneca would comply with the terms of the Policy.

59.     The sending of the sixty (60) day notice is a step to "bring a legal action" against Seneca and, therefore, could not be sent until the thirty (30) day period for payment of the appraisal award had expired in order to comply with all of the terms of the Policy.

60.     At the point that Plaintiff was allowed, pursuant to the terms of the Policy, to begin bringing a legal action against Seneca, by sending the sixty (60) day notice, there was not sixty (60) days available before reaching the potential two year anniversary from the date that the cause of action arose, September 26, 2019.

61.     Undersigned counsel was retained in this matter on August 16, 2019.  At that time, there was insufficient time left to provide the sixty (60) day notice before the expiration of the limitations period if potential arguments of Seneca are accepted.  Therefore, Plaintiff is exempted from providing the sixty (60) day notice pursuant to TEX. INS. CODE §542A.003.

62.     If defendants are successful in proving that the cause of action accrued on September 26, 2017, then waiting sixty (60) days to provide the statutory notice would place the date of filing beyond the limitations period of two (2) years as noted in the Seneca policy and Texas statutory law.

**EXHIBIT C**

63.     Nevertheless, Plaintiff has sent a sixty (60) days notice to Seneca which was delivered to its representative on August 20, 2019.  No response has been received by Plaintiff as of the time of this filing.

## CAUSES OF ACTION AGAINST DEFENDANT, SENECA

### Breach of Contract

64.     All allegations above are incorporated herein.

65.     Defendants are liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows then that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Seneca and Plaintiff.

66.     Defendants' failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

67.     Seneca breached the insurance contract by failure to timely pay all benefits which are due under the Policy, including, without limitation, benefits for roof damage, damage to rooftop equipment, including, without limitation, HVAC, vents and other metallic fixtures, compensation for necessary increased cost of construction and/or Code upgrades, electrical repairs and continuing interior damage and subsequent patching.

### Non-Compliance with the Texas Insurance Code:  Unfair Settlement Practices

68.     All allegations above are incorporated herein.

69.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

11

**EXHIBIT C**

70.     Defendants engaged in unfair settlement practices with respect to Plaintiff's claim by misrepresenting to the claimant a material fact or policy provision relating to coverage at issue. TEX. INS. CODE §541.060(a)(1).

71.     Defendants misrepresented the Policy provisions, including, without limitation, description of roof coverage related to "cosmetic damages" and the fact that defendants represented that the damage to the roof at the insured property was solely "cosmetic" which would not be covered under the Seneca policy.

72.     Defendants misrepresented the damages sustained by the insured property by undervaluing the cost to repair the property, underestimating the extent of the damage sustained by the property, stating that the damages were not caused by the insured event, and misrepresented the items of coverage to which the insured was entitled under the Policy.

73.     Defendants engaged in the unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim to which the insurer's liability had become reasonably clear.  TEX. INS. CODE §541.060(a)(2)(A).

74.     Defendants refused to pay benefits for the roof which was clearly damaged by the hailstorm event, failed to pay damages for damaged rooftop equipment, including HVAC and other metal items, failed to provide benefits for the cost of electricians to move rooftop equipment during repairs, and failed to provide allowances for future payments toward increased cost of construction and/or code upgrades which were reasonably clear to be due and owing to the insured.

75.     Defendants engaged in unfair settlement practices by failing to promptly provide the policyholder a reasonable explanation of the basis in the Policy in relation to the facts or applicable law, for the insurer's partial denial of the claim or offer of a compromise settlement of the claim.

**EXHIBIT C**

76.     Defendants' denial of coverage for the roof and rooftop equipment, and failure to advise of benefits due for increased cost of construction and/or code upgrades are violations of TEX. INS. CODE §541.060(a)(3).

77.     Defendants' unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

78.     Defendant's failure to conduct a reasonable investigation as to benefits due for roof damage, rooftop equipment damage, increased cost of construction or code upgrade benefits are evidence of the failure to conduct a reasonable investigation.

79.     Defendants' actions as described above are unfair methods of competition and qualify as unfair deceptive acts or practices in the business of insurance.

**Non-Compliance with the Texas Insurance Code:  the Prompt Payment of Claims**

80.     All allegations above are incorporated herein.

81.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims, which are actionable under TEX. INS. CODE §542.060.

82.     Defendants failed to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints set out in the statute, TEX. INS. CODE §542.056, including failure to accept responsibility for all roof damages, rooftop equipment damages, increased cost of construction/Code upgrades, and other damages which will be proven at trial.

83.     Defendants' delay in paying Plaintiff's claim following receipt of all items, statements, reports and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

**EXHIBIT C**

84.     Defendants possessed evidence, reports, and data for longer than the amount of time set out in the statute, more than sixty (60) days, and failed to pay all benefits due, including, without limitation, benefits for roof damage, rooftop equipment damage, interior repair damages, and other damages which will be shown at trial, constituting violation of the non-prompt payment of claim statute.  TEX. INS. CODE §542.058(a).

## Breach of the Duty of Good Faith and Fair Dealings

85.     All allegations above are incorporated herein.

86.     Seneca's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

## DTPA Violations

87.     All allegations above are incorporated herein.

88.     Seneca's conduct constitutes multiple violations of the TEX. DECEPTIVE TRADE PRACTICES ACT ("DTPA"), TEX. BUS. & COM. CODE §17.41-63.  Plaintiff is a consumer of goods and services provided by Seneca pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Seneca.  Specifically, Seneca's violations of the DTPA include, without limitation, the following matters:

    a)    By its acts, omissions, failures and conduct, Seneca has violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Seneca's violations include, without limitation:

        1)    Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claims;

        2)    Failure to give Plaintiff the benefit of the doubt; and,

        3)    Failure to pay for the proper repair of Plaintiff's Property when liability had become reasonably clear, which gives Plaintiff the right to recover under §17.46(b)(2).

**EXHIBIT C**

b)   It should have been obvious to Seneca that the extent of damages sustained in this windstorm and hail event far exceeded the original estimate on which it relied.  Moreover, it became clear to Seneca in October, 2017 that its investigation and adjustment omitted substantial damages for which insurance benefits were due, but Seneca took no action to further investigate this claim;

c)   Seneca represented to Plaintiff that the Policy and Seneca's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under §17.46(b)(5) of the DTPA;

d)   Seneca represented to Plaintiff that the Policy and Seneca's adjusting services were of a particular standard, quality or grade when they were of another, in violation of §17.46(b)(7) of the DTPA;

e)   Furthermore, Seneca advertised the Policy and adjusting services with the intent not to provide them as advertised, in violation of §17.46(b)(9) of the DTPA;

f)   Seneca breached an express warranty that all damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under §17.46(b)(12) and (20), and §17.50(a)(2) of the DTPA;

g)   Seneca's actions are unconscionable in that Seneca took advantage of Plaintiff's lack of knowledge, ability and experience in the area of insurance and claims handling to a grossly unfair degree.  Seneca's unconscionable conduct gives Plaintiff a right to relief under §17.50(a)(3) of the DTPA;

h)   Seneca's conduct, acts, omissions and failures as described in this Petition, are unfair practices in the business of insurance in violation of §17.50(a)(4) of the DTPA.

89.   Each of the above-described acts, omissions and failures of Seneca is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions and failures were committed "knowingly" and "intentionally," as defined by the TEX. DECEPTIVE TRADE PRACTICE ACT.

## KNOWLEDGE

90.   Defendant made each of the acts described above "knowingly" as defined in the TEX. INS. CODE and each was a producing cause of Plaintiff's damages described herein.

**EXHIBIT C**

## WAIVER AND ESTOPPEL

91.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

92.     Since this claim was made, Seneca has not properly compensated Plaintiff for all necessary repairs and damages which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

93.     Seneca's failure to properly and timely provide insurance benefits to plaintiff under the Policy have resulted in additional damages being sustained, despite taking steps to mitigate these damages by repeatedly repairing roof leaks as they are discovered, resulting in additional expenses and damages due to Seneca's unreasonable delay.

94.     Seneca and Debrowski have made false representations to Plaintiff, either knowingly or recklessly, without knowledge of the truth.  Seneca and its agents, including Debrowski, made these false representations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff has relied upon these misrepresentations, including, but not limited to those regarding coverage and the cause and scope of damages.  As a result, Plaintiff has suffered damages.  Plaintiff will show that all of the aforementioned acts, taking together or singularly, constitute the producing causes of damages sustained.  These acts and omissions, as well as the conduct of Seneca, Debrowski and their agents have caused Plaintiff's damages, which include, without limitation, cost of all necessary repairs and damage to Plaintiff's property, including, without limitation, roof and interior damage, rooftop metal appliances, Code upgrades

**EXHIBIT C**

and electrical damage, investigative and engineering services necessary to perform the investigation to assure that Seneca comply with its contract, costs of the appraisal process, including appraiser and Umpire fees, and other related expenses.

95.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the full amount of Plaintiff's claim, damages, repairs, consequential damages, investigative and professional costs to perform the investigation to determine the full amount of damages that were omitted by Seneca, continuing cost to mitigate damages, together with attorney's fees incurred to regain the benefit of the bargain.

96.     The unpaid damage to Plaintiff's property is currently estimated at $763,838.82.

97.     Defendants failed to advise Plaintiff of its entitlement to benefits for Code upgrades likely necessary for proper roof repairs, along with repairs for rooftop equipment such as HVAC and ventilation equipment.

98.     For non-compliance with the DTPA and TEX. INS. CODE, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the omission of the benefits owed pursuant to the Policy, court costs, investigation expenses and attorney's fees.  For knowingly intentional conduct of the acts described above, Plaintiff requests three times its actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE §17.50(B)(1).

99.     For non-compliance with TEX. INS. CODE, Prompt Payment of Claims, Plaintiff is entitled to recover the amount of its claim, plus an 18% per year, as well as pre-judgment interest on the amount of the claim.  In addition, Plaintiff is entitled to recover simple interest on the amount of the claim as damages each year by adding 5% to the interest rate determined under §304.003 Finance Code accruing on the date the claim was required to be paid.  TEX. INS. CODE §542.060(a) & (c).

**EXHIBIT C**

100.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of their duties, such as additional costs, losses due to non-payment of money Seneca owed, and exemplary damages.

101.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice" and/or "gross negligence" as those terms are defined in Chapter 41 of the TEX. CIV. PRACTICES & REMEDIES CODE.  Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

102.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the TEX. CIVIL PRACTICES & REMEDIES CODE, §541 and §542 of the TEX. INS. CODE, and §17.50 of the DTPA, Plaintiff is entitled to recover the sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

103.    As required by Rule 47(b) of the TEX. RULES OF CIV. PROCEDURE, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the TEX. RULES OF CIV. PROCEDURE, Plaintiff's counsel states that Plaintiff seeks only monetary relief of an amount over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees.  A jury will ultimately determine the monetary relief awarded, however, Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**EXHIBIT C**

## REQUEST FOR DISCLOSURES

104.    Under TEX. RULES OF CIV. PROCEDURE 190 and 194, Plaintiff requests that Defendants disclose within 50 days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

105.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Seneca Insurance Company, Inc. and Brian Debrowski, be cited and served to appear, and that upon trial hereof, Plaintiff, WF/TX Investments, LLC, recover from Defendants, Seneca Insurance Company and Brian Debrowski, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential and treble damages under the TEX. INS. CODE and TEX. DECEPTIVE TRADE PRACTICES ACT, and all punitive, additional and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees incurred in this matter for the prosecution, trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for all costs of investigation and appraisal expended by Plaintiff, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief at law or equity to which

**EXHIBIT C**

Plaintiff, WF/TX Investment, LLC, may show they are justly entitled.

Respectfully submitted,

**EDWARD F. DOWNING, III** (Tx. Bar #00785473)
**Gauthier Murphy & Houghtaling LLC**
3500 North Hullen Street
Metairie, LA   70002
Telephone:  (504) 456-8600
Facsimile:  (504) 456-8624
Email:  ed@gmhatlaw.com; pam@gmhatlaw.com

**EXHIBIT C**