# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WF/TX INVESTMENTS, LLC<br>*Plaintiff,*<br><br>v.<br><br>SENECA INSURANCE COMPANY, INC.<br>and BRIAN DEBROWSKI<br>*Defendant.* | § § § § § § § § § § | CIVIL ACTION NO. 4:19-CV-00751-ALM<br>JURY |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff, WF/TX Investments, LLC's, Motion to Remand with Incorporated Memorandum (Dkt. #8).

The Court, having reviewed the pleadings and motions, finds that it requires more information regarding Plaintiffs membership before it can determine whether it may exercise diversity jurisdiction over this action.

The parties dispute whether the Court has diversity jurisdiction. Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The citizenship of a limited liability company ("LLC") is based on the citizenship of the LLC's members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Defendants here attempt to invoke the Court's diversity jurisdiction through removal but failed to show complete diversity between the parties. Specifically, the notice of removal did not

allege any legally relevant information regarding Plaintiff's citizenship. Plaintiff is an LLC, meaning its citizenship is based on the citizenship of its members; but Defendants failed to provide any information regarding Plaintiff's membership. Plaintiff now seeks to remand on the basis that joinder was proper and thus complete diversity of citizenship does not exist. Plaintiff, like Defendants, however, fails to provide the Court with any legally relevant information regarding Plaintiff's citizenship.

Before the Court may proceed, Defendants must submit supplemental briefing regarding Plaintiff's membership so the Court can determine whether the parties are completely diverse. If Defendants do not or cannot do so, they will not have established complete diversity and, therefore, will have failed to properly invoke jurisdiction under § 1332. *See McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

It is therefore **ORDERED** that Defendants submit supplemental briefing regarding the citizenship of Plaintiff's members no later than five (5) days from the date of this order.

**IT IS SO ORDERED.**
 **SIGNED this 21st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE