# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WF/TX INVESTMENTS, LLC | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:19-cv-00751 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SENECA INSURANCE COMPANY, INC. | § | |
| and BRIAN DEBROWSKI | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff, WF/TX Investments, LLC's, Motion to Remand with Incorporated Memorandum (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that WF/TX's Motion is **GRANTED**.

## BACKGROUND

This action concerns a dispute over an insurance policy. On March 26, 2017, a commercial strip center owned by WF/TX Investments, LLC ("WF/TX") located in Flower Mound, Texas sustained wind and hail damage (Dkt. #8; Dkt. #11). WF/TX thereafter filed a claim with Seneca Insurance Company, Inc ("Seneca") with whom WF/TX held Insurance Policy Number CMP4801454 ("the Policy") (Dkt. #8; Dkt. #11). The Policy was effective August 22, 2016 through August 22, 2017. Upon receiving WF/TX's claim, Seneca retained Brian Debrowski ("Debrowski"), an independent field adjuster, to investigate and determine the amount due pursuant to the Policy (Dkt. #8; Dkt. #11). On approximately September 26, 2017, Debrowksi advised WF/TX that "it was entitled to actual cash value benefits totaling $102,501.26 (Dkt. #8). On October 27, 2017, WF/TX responded by providing Seneca "with evidence that the actual

building loss damages related to the hailstorm totaled over $726,000" (Dkt. #8). Seneca disagreed and invoked the appraisal process pursuant to the Policy (Dkt. #8; Dkt. #11).

On September 6, 2018, in *Seneca Ins. Co., Inc. v. WF/TX Inv., LLC*, 4:18-cv-00628 (the "Appraisal Matter") Seneca requested a court-appointed umpire (Dkt. #11). The parties filed several status reports and notified the Court that "they were able to agree on an umpire and that an award was issued" (Dkt. #11). Following the issuance of said award, Seneca "determined that damage included in the award was not caused by a covered cause of loss and was therefore not covered. Seneca requested that the Court hold a Rule 16 Scheduling Conference after the award was issued; however, WF/TX disputed considering coverage issues in the Appraisal Matter and instead argued that it should be dismissed" (Dkt. #11). While the Appraisal Matter was ongoing, WF/TX filed the present action against Seneca and Debrowski in Denton County, Texas (Dkt. #8; Dkt. #11). The complaint was filed on September 9, 2019 (Dkt. #8; Dkt. #11). Seneca was served on or about September 12, 2019 and Debrowski was served on September 24, 2019 (Dkt. #1; Dkt. #8). Seneca subsequently removed the state court action to federal court on October 11, 2019 (Dkt. #1; Dkt. #8; Dkt. #11). Debrowski did not join in Seneca's removal (Dkt. #8). The time for joinder has expired.[1]

In Defendant Seneca Insurance Company, Inc.'s Notice of Removal, Seneca alleges that removal is proper based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446 (Dkt. #1). Seneca avers, and it is undisputed, that the amount in controversy exceeds the sum of $75,000 (Dkt. #1). As for citizenship, Seneca originally argued that WF/TX was a citizen of Texas and that Debrowski, a citizen of Texas, was joined solely to defeat diversity jurisdiction (Dkt. #1). Seneca thus claimed that diversity was still met because Debrowski was improperly

---

[1] *See* 28 U.S.C. § 1446(b)(2)(B–C).

joined to the lawsuit (Dkt. #1). WF/TX opposes Seneca's characterization of Debrowski's joinder and argues that it properly joined Debrowski; thus, according to WF/TX, there is no diversity of citizenship (Dkt. #8). Seneca's claim as to WF/TX's citizenship, however, was unsupported by any evidence and predicated on a misunderstanding of the law—i.e., Seneca identified WF/TX's citizenship by its principal place of business rather than the citizenship of WF/TX's members.[2] The Court accordingly ordered that Seneca submit supplemental briefing and correctly notify the Court of WF/TX's citizenship (Dkt. #19). On January 27, 2020, Seneca filed Defendant Seneca Insurance Company, Inc.'s First Amended Notice of Removal (Dkt. #21). Seneca informed the Court that WF/TX is a California limited liability company with both of its members—Marcia Withers and William Withers—being citizens of the State of California (Dkt. #21). Accordingly, WF/TX is a citizen of the State of California, not Texas (Dkt. #21). Seneca also notified the Court that it is a citizen of New York as it is an insurance company organized under the laws of the State of New York with its principal place of business in New York (Dkt. #21).

Following Seneca's filing of its Amended Notice of Removal, the Court held a telephone conference and ordered supplemental briefing on whether Debrowski was required to consent to removal given the peculiar procedural posture of the case. The particulars of each party's supplemental briefs will be discussed in greater detail below. With that being said, the Court finds that Seneca has failed to carry its burden in establishing that removal of this case is appropriate; thus, is only prudent for the Court to remand the case to the 431st Judicial District Court, Denton County, Texas for further proceedings

---

[2] The citizenship of a limited liability company (LLC) is based on the citizenship of the LLC's members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).

3

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

This is a case of mistakes. Seneca removed this case predicated upon diversity. In its Notice of Removal, Seneca averred that WF/TX was a citizen of the State of Texas, Debrowski was a citizen of the State of Texas, and Seneca was a citizen of the State of New York. Seneca argued that removal was proper because Debrowski was improperly joined to defeat diversity jurisdiction. Seneca, however, was mistaken in assessing the citizenship of WF/TX. To be sure, WF/TX is a citizen of California given the citizenship of its members. *See Harvey*, 542 F.3d at

1080; *Temple Drilling*, 946 F.2d at 393. Thus, from the outset of this action, diversity of citizenship has existed: WF/TX is a citizen of the State of California suing Seneca, a citizen of the State of New York, and Debrowski, a citizen of the State of Texas. Despite the existence of diversity jurisdiction, the parties briefed the Court as though diversity jurisdiction was questionable given a potential issue of improper joinder.

The parties briefed the Court on a non-existent issue not only because of Seneca's misunderstanding of the law surrounding citizenship, but because WF/TX, the party who should have understood its own citizenship, failed to properly notify Seneca, Debrowski, and the Court that it is a citizen of the State of California rather than that State of Texas. Indeed, a proper statement of citizenship was only ascertained after WF/TX filed a Motion to Remand. In that Motion to Remand, WF/TX argued that Debrowski was properly joined and that he failed to consent to removal of this action to federal court. Consequently, WF/TX maintained that Seneca's removal was procedurally deficient. WF/TX made no mention, however, of the forum defendant rule as the rule was not implicated here because Debrowski neither removed this action nor joined in Seneca's removal.[3] Following said Motion to Remand and all subsequent responses and replies, a proper statement of citizenship was elicited when the Court ordered Seneca to file an Amended Notice of Removal with a correct statement of citizenship.

Subsequent to Seneca's filing of the Amended Notice of Removal, the Court, as previously mentioned, held a hearing to address the peculiar facts of this case. At the telephone conference, each party was ordered to provide the Court with supplemental briefing on whether Debrowski was required to consent to removal given the new, accurate facts of the case. Seneca, abandoning

---

[3] Even if Debrowski had removed this case or joined in its removal, WF/TX would have likely waived the procedural forum defendant rule given WF/TX's stance, in its supplemental briefing, that the rule was not implicated here whatsoever. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391–95 (5th Cir. 2009).

its improper joinder argument for diversity purposes, argued that the Court should extend the improper joinder doctrine to the forum defendant rule and hold that Debrowski was not required to consent because he was improperly joined as a forum defendant. No Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants. *See DeLong v. car2go NA, LLC*, 2019 WL 3423442, at *2 n.2 (W.D. Tex. July 30, 2019) (citing *Butler v. ENSCO Intercontinental GmbH*, 2017 WL 496073, at *6 (S.D. Tex. Feb. 7, 2017); *OAM Corp. v. Owners Ins. Co.*, 2013 WL 12128782, at *2 (N.D. Tex. Dec. 5, 2013)) ("[I]t is unclear whether the improper joinder doctrine would even apply had it not been waived."); *see also Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013) (discussing whether the improper joinder doctrine should extend to the forum defendant rule without deciding the issue). Moreover, as previously discussed, the forum defendant rule is not implicated here.

WF/TX, on the other hand, argued that Debrowski's failure to consent to removal resulted in a procedural deficiency requiring remand. Further, WF/TX averred that the improper joinder doctrine is inapplicable here; rather, WF/TX asserted that the nominal defendant doctrine is the proper doctrine that should have been raised. Because Seneca failed to raise such argument, WF/TX continued, remand is warranted. The Court agrees with WF/TX.[4][5]

"The removing party bears the burden of establishing jurisdiction." *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 569 (N.D. Tex. 2015) (citing *Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir. 2001)). Here, it is indisputable that the Court has jurisdiction over the present action

---

[4] The Court notes that Seneca could have properly removed this action. Diversity jurisdiction clearly exists, and Seneca could have argued that Debrowski is merely a nominal defendant whose consent was unnecessary. Seneca, however, failed to do that. Moreover, Debrowski could have consented to this action and then eventually argued a waiver of the forum defendant rule as WF/TX seems to not have grasped that said rule could have applied had Debrowski consented to removal. In the end, however, Seneca failed to carry its burden in properly removing this case; thus, the Court finds remand appropriate.

[5] The Court also finds it worth noting, for future litigants, that this is a case of peculiar facts predicated upon many mistakes. While the Court's holding is of course precedential, the holding in this case is quite limited by the unique facts presented to the Court as enumerated above.

6

under 28 U.S.C. § 1332. With that being said, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1441(a). "This rule is sometimes referred to as the 'rule of unanimity' or 'unanimity of consent rule.'" *Chavez v. The Goodyear Tire & Rubber Co.*, 2018 WL 501092, at *2 (E.D. Tex Jan. 22, 2018) (citing *Breitling*, 86 F. Supp. 3d at 569). The "rule of unanimity," applies to removals based on both diversity and federal question jurisdiction. *Adair v. Amerus Leasing, Inc.*, 566 F.Supp.2d 518, 522 (S.D. Miss. 2008). When a defendant removes from state court to federal court, the removing defendant "bear[s] the burden of establishing compliance with the rule of unanimity, either by showing that all properly joined and served defendants[] consent to removal or by establishing that a named defendant's consent to removal is not required." *Chavez*, 2018 WL 501092, at *2 (citing *Breitling*, 86 F. Supp. 3d at 570). Exceptions to the unanimity rule include: (1) "where the non-consenting defendant was not yet served with process at the time the removal petition was filed;" (2) "where a defendant is merely a nominal, unnecessary, or formal party-defendant;" and (3) "where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Id.* (citing *Breitling*, 86 F. Supp. 3d at 570). "[I]f a removing party fails to obtain the consent to remove of any co[-]defendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Id.* (citing *Breitling*, 86 F. Supp. 3d at 570).

Debrowski did not consent to the removal of this case. "[A]lthough lack of consent is not a jurisdictional defect, *see Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990), this procedural defect under Section 1446(b)(2) requires remand of the entire case to state court unless the Court concludes that, based on an exception to the rule of unanimity, [Debrowski's] consent to removal is not required." *Breitling*, 86 F. Supp. 3d at 570 (citing *Ortiz v. Young*, 431

7

F. App'x. 306, 307 (5th Cir. 2011); *Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, 182 F. App'x. 358, 360 (5th Cir. 2006); *Doe v. Kerwood*, 969 F.2d 165, 167–69 (5th Cir. 1992); *Grand Tex. Homes, Inc. v. Am. Safety Indemn. Co.*, 2012 WL 5355958, at *1 (N.D. Tex. Oct. 30, 2012); *Marquette Bus. Inc. v. America's Kitchen, Inc.*, 2010 WL 1711767, at *4 (N.D. Tex. Apr. 28, 2010); *see also Couch v. Howard*, 2006 WL 1627916, at *1 (N.D. Tex. June 8, 2006) ("If one defendant refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff.")). "The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required." *Chavez*, 2018 WL 501092, at *2 (citing *Breitling*, 86 F. Supp. 3d at 570). "And, '[w]hile pleadings, and consequently removal notices, are to be construed with some liberality, [the Removing] Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal.'" *Breitling*, 86 F. Supp. 3d at 570 (citing *Hinojosa v. Perez*, 214 F.Supp.2d 703, 707 (S.D. Tex. 2002)). Therefore, "if a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Chavez*, 2018 WL 501092, at *2 (citing *Breitling*, 86 F. Supp. 3d at 570); *see also Alford v. Chevron, Inc.*, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (internal quotation marks omitted) (same)). The Court is presented with several issues due to the unusual facts and inadequate pleading by the parties in this case. The Court addresses each issue in turn.

*Improper Joinder*

As explained above, Seneca argues that Debrowski's consent to remove is unnecessary because Debrowski was improperly joined as a forum defendant. This argument was raised after

8

Seneca initially argued that Debrowski was improperly joined to defeat diversity jurisdiction. Seneca's reliance on an improper joinder analysis is misplaced. *See Chavez*, 2018 WL 501092, at *2.

Improper joinder is established by "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the *non-diverse* party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). "[T]he purpose of the improper joinder inquiry is to determine whether or not the *in-state* defendant was properly joined." *Id.* (emphasis added). The improper joinder doctrine "prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, *non-diverse* defendant." *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388, at *3 (S.D. Tex. Jan. 20, 2011) (emphasis added) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)). As such, a court faced with a case removed under § 1332 diversity jurisdiction involving an in-state defendant performs an improper joinder analysis to determine whether subject matter jurisdiction exists. *See Breitling*, 86 F. Supp. 3d at 571.

Here, Debrowski, a Texas citizen, is a diverse defendant. Seneca's assertion that the improper joinder doctrine applies is therefore misguided given that the issue is not whether WF/TX joined Debrowski to destroy diversity—they clearly could not accomplish such feat when all parties are diverse—but "whether [Debrowski's] consent to remove is necessary." *Chavez*, 2018 WL 501092, at *2. As the Court previously explained, there are three exceptions that might justify Seneca's failure to obtain consent from Debrowski when removing this action. Of those three exceptions, however, "improper joinder is not included." *Id.* "Accordingly, [Seneca's] application of improper joinder is misplaced and falls outside the permitted scope and purpose of improper

joinder as laid out by the Fifth Circuit, i.e. determining whether a non-diverse defendant is a proper party." *Id.* Debrowski's lack of consent is the "central issue," and Seneca bears the burden of explaining, in its removal papers, why an exception applies to the rule of unanimity that would forgive Debrowski's otherwise impermissible lack of consent. *Id.* (citing *Alford*, 2014 WL 37600, at *6; *Davis*, 2012 WL 4189511, at *1). Consequently, "[t]he improper joinder doctrine that [Seneca] invoked . . . does not address the present situation." *Id.*

*Nominal Defendant Doctrine*

While the improper joinder doctrine does not address the present situation, one of the three exceptions, "the nominal defendant doctrine—never cited to or invoked by [Seneca]—[does] address the present situation." *Chavez*, 2018 WL 501092, at *3. "To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Chavez*, 2018 WL 501092, at *3 (citing *Breitling*, 86 F. Supp. 3d at 572 (quoting *Farias v. Bexar Cty. Bd. of Trs. For Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991))).

Comparatively, the nominal defendant doctrine "involves a test substantially similar to the test for improper joinder." *Chavez*, 2018 WL 501092, at *3 (citing *Breitling*, 86 F. Supp. 3d at 572). Because of this similarity, the Court may construe Seneca's Notice of Removal "with some liberality to apply [the nominal defendant] doctrine, finding that the substance of the test was at least 'obliquely referred to in' [Seneca's] Notice of Removal by [Seneca's], albeit incorrect, application of the improper joinder doctrine." *Id.* at *3 (citing *Breitling*, 86 F. Supp. 3d at 572) (quoting *Hinojosa v. Perez*, 214 F. Supp. 2d at 707)). On the contrary, the Court may also construe Seneca's "failure to reference the correct and applicable doctrine" as Seneca failing to satisfy its

burden to "*affirmatively explain* why [Seneca's] consent . . . [is] unnecessary." *Breitling*, 86 F. Supp. 3d at 570 (emphasis added). "The Court finds the latter approach is more appropriate." *Chavez*, 2018 WL 501092, at *3.

In both its Notice of Removal and Amended Notice Removal, Seneca failed to make any reference to, or mention of, the appropriate doctrine for the present situation: the nominal defendant doctrine. Rather, Seneca first argued that WF/TX improperly joined Debrowski to defeat diversity, then shifted to arguing that WF/TX improperly joined Debrowski as a forum defendant. As the Court held in *Chavez*, Seneca's Notice of Removal and Amended Notice of Removal are procedurally defective given Seneca's failure to affirmatively explain why Debrowski's consent is unnecessary by reference to the appropriate doctrine: the nominal defendant doctrine. *See Chavez*, 2018 WL 501092, at *3 (citing *Breitling*, 86 F. Supp. 3d at 570) ("Failure to make any reference to the applicable doctrine excusing lack of consent does not satisfy the affirmative explanation requirement."); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) ("In conducting its analysis on whether removal is proper, the Court resolves any doubt about the propriety of removal in favor of remand."). WF/TX pointed out this defect when it appropriately argued that Seneca had provided no argument supporting a deviation from the rule of unanimity. As such, the Court finds it appropriate to remand the present action as Seneca has failed to carry its burden in establishing that Debrowski's consent to removal is unnecessary. *See Chavez*, 2018 WL 501092, at *3 (citing *Thompson v Louisville Ladder Corp.*, 835 F. Supp. 337, 338 n.3 (E.D. Tex. 1993)).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff, WF/TX Investments, LLC's, Motion to Remand with Incorporated Memorandum (Dkt. #8) is hereby **GRANTED** and this case is **REMANDED** to the 431st Judicial District Court, Denton County, Texas for further proceedings.

**SIGNED this 9th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE